UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | | |
|---|---|---|
| WAYNE ROSE, | : | MEMORANDUM DECISION |
| | : | AND ORDER |
| Plaintiff, | : | |
| | : | 03 Civ. 1241 (GBD) |
| -against- | : | |
| | : | |
| DAVID BETHEL, SYLVIA WAY, THE | : | |
| CITY OF NEW YORK, EVELYN SANTIAGO, | : | |
| and COLLEEN WALSH, | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------x

GEORGE B. DANIELS, District Judge:

        Pro se plaintiff Wayne Rose commenced this action against defendants for alleged violations of plaintiff's constitutional and civil rights. Defendants Evelyn Santiago and Colleen Walsh moved for summary judgment, and plaintiff cross-moved for summary judgment. The motions were referred to Magistrate Judge Henry B. Pitman for a Report and Recommendation (the "Report").

        Prior to the filing of this action, plaintiff filed a similar action in the Eastern District of New York. See Rose v. Goldman, et al., Docket No. 02 Civ. 5370 (the "Eastern District Action"). In that case, the court found that both Santiago and Walsh were entitled to absolute prosecutorial immunity for their roles in initiating probation-violation proceedings against plaintiff. It is Santiago's and Walsh's conduct in that matter that forms the basis of plaintiff's claims against them in this case. Thus, Magistrate Judge Pitman determined that plaintiff's claims against Santiago and Walsh were barred by res judicata and collateral estoppel. Accordingly, Magistrate Judge Pitman recommended that summary judgment be granted in favor of Santiago and Walsh, and denied as to plaintiff. Neither party filed objections and the time to

so has passed.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report.  28 U.S.C. § 636(b)(1).  When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made.  Id.; Rivera v. Barnhart, 432 F.Supp.2d 271, 273 (S.D.N.Y. 2006).  When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record."  Adee Motor Cars, LLC v. Amato, 388 F.Supp.2d 250, 253 (S.D.N.Y. 2005) (citation omitted).  The Court has reviewed the Report and finds that Magistrate Judge Pitman's findings are not clearly erroneous.  Therefore, the Report is adopted in full.

Plaintiff was a probationer being supervised in New York after previously being convicted in New Jersey state court.  Thus, day-to-day supervision of plaintiff was performed by the New York probation authorities, but violations were reported to, and prosecuted by, the New Jersey authorities.  Defendants Santiago and Walsh are both New Jersey Probation Officers.  In October 2002, plaintiff filed the Eastern District Action alleging various claims against Santiago, Walsh, and several other defendants.  After the commencement of that case, in December 2002, defendant Bethel—the New York Probation Officer supervising plaintiff—sent a request to Santiago requesting that the Hudson County Probation Department file a violation against plaintiff for plaintiff's failure to attend mental health counseling.  As a result, Walsh issued a summons and complaint directing plaintiff to appear for hearing on the alleged violation.

Before a disposition of the probation violation,[1] plaintiff filed this lawsuit.  In it, plaintiff restates many of the allegations in the Eastern District Action.  Essentially, plaintiff alleges that

---

[1]Plaintiff was eventually found not guilty of the alleged probation violation.

2

Walsh and Santiago "filed a false, vindictive, slanderous [violation] report" against him. Meanwhile, in the Eastern District Action, the court found that because Santiago's and Walsh's roles in the New Jersey violation proceedings were merely prosecutorial, they were protected by absolute prosecutorial immunity.  Therefore, the claims against Santiago and Walsh were dismissed.  Both Santiago and Walsh subsequently moved for summary judgment in this case citing various grounds, including res judicata and collateral estoppel.

The doctrine of res judicata, or claim preclusion, "precludes the parties or their privies from relitigating issues that were or could have been raised in [a prior] action."  EDP Medical Computer Systems, Inc. v. U.S., 480 F.3d 621, 624 (2d Cir. 2007) (citations omitted).  The doctrine applies if the prior decision was "(1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action."  Id. (citations omitted).  The related doctrine of collateral estoppel "prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding."  Marvel Characters, Inc. v. Simon, 310 F.3d 280, 288 (2d Cir. 2002) (citations omitted).  It applies when "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits."  Purdy v. Zeldes, 337 F.3d 253, 258 (2d Cir. 2003) (citation omitted).

Here, the merits of plaintiff's claims against Santiago and Walsh, as well as their entitlement to absolute prosecutorial immunity for their roles in the December 2002 violation proceedings, was fully addressed, litigated, and finally decided by the court in the Eastern

3

District Action. It is true that in that case, the claims against Santiago and Walsh were disposed

of on a Rule 12 motion, which is not a final judgment for purposes of appeal. See 28 U.S.C. §

1291. But such finality is not necessarily required for res judicata and collateral estoppel to

apply. See Lummus Co. v. Commonwealth Oil Ref. Co., 297 F.2d 80, 89 (2d Cir. 1962). And

considering the circumstances of this case, Magistrate Judge Pitman determined that the decision

in the Eastern District Action was sufficiently final to prevent relitigation of the issues. This

Court agrees. Indeed, revisiting the same issues raised in the Eastern District Action would be a

waste of judicial resources, would subject defendants to duplicative and vexations litigation, and

could result in inconsistent decisions, all situations the doctrines of res judicata and collateral

estoppel are intended to prevent. See EDP Medical Computer Systems, Inc., 480 F.3d at 624;

Environmental Defense v. U.S. E.P.A., 369 F.3d 193, 202 (2d Cir. 2004). Accordingly,

plaintiff's claims against Santiago and Walsh are barred by res judicata and collateral estoppel.

The Court adopts Magistrate Judge Pitman's Report and Recommendation. Defendant

Santiago's and Walsh's motion for summary judgment is GRANTED. Plaintiff's motion for

summary judgment is DENIED.

Dated: August 28, 2007
New York, New York

SO ORDERED:

GEORGE B. DANIELS
United States District Judge

4